UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LORENZO BURNS, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NORTH STAR PAINTING CO., INC, a domestic for-profit corporation,<br><br>    Defendants. | CIVIL ACTION NO. 1:23-cv-123<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE/CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, Lorenzo Burns ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, North Star Painting Company, Inc., ("North Star").  Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and various state law claims by failing to pay overtime compensation, and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq*., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

3. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.

§ 1367, because Plaintiff's state law claims arise from substantially the same factual nexus as his FLSA claims.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant conducts business in this District and the events giving rise to the claims occurred in this District.

## PARTIES

5. Plaintiff Lorenzo Burns is a natural person.

6. At all relevant times, Burns was an employee of North Star.

7. Burns performed work for North Star in Cincinnati, Ohio and Louisville, Kentucky.

8. Burns performed work for North Star from May 2021 until October 31, 2021.

9. Burns represents similarly situated North Star employees who also were not paid for all overtime hours worked.

10. At all times material hereto, Defendant North Star Painting Company, Inc owned and operated a commercial painting business located at 3526 McCartney Road, Youngstown, Ohio 44505.

11. At all times material hereto, North Star was an employer as defined by 29 U.S.C. 201 *et. seq*.

12. At all times material hereto, North Star was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA by virtue of its regular and continuous simultaneous business operations in multiple states.

13. At all times material hereto, North Star was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of North Star was

in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto, North Star had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as phones, computers, office materials and tools.

16. At all times material hereto, Plaintiff worked for North Star as a non-exempt painter helper.

17. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

18. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

20. At all times material hereto, Plaintiff was an "employee" of North Star within the meaning of FLSA.

21. Plaintiff brings this action on behalf of all similarly situated current and former non-exempt employees who worked for North Star at any time during the three (3) years prior to the filing of this Complaint up to the present, who elect to file a consent to join in this action.

## STATEMENT OF FACTS

22. In or about May 2021, North Star hired Plaintiff to work as a non-exempt painter/painter helper on an hourly basis.

23. From May 2021 until October 2021, Burns performed work for North Star painting the Brent Spence Bridge, which connects Cincinnati, Ohio to Northern Kentucky.

24. In October 2021, North Star moved Burns to a job in Louisville, Kentucky, where North Star was painting a bridge.

25. Burns worked for North Star for a portion of October 2021 as a painter/painter helper in Louisville, Kentucky, performing non-exempt work.

26. North Star employed painters and other painter helpers to complete work in Ohio and Kentucky, all of whom were paid on an hourly basis for non-exempt work.

27. At various material times hereto, Plaintiff, and those similarly situated worked for Defendant in excess of forty (40) hours within a work week.

28. From at least May 2021 and continuing through at least October 2021, North Star failed to compensate Plaintiff, and those similarly situated, at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

29. Plaintiff, and those similarly situated, should be compensated at the rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as required by the FLSA and Ohio Law.

30. Defendants have violated Title 29 U.S.C. §§ 206 and 207 and Ohio and Kentucky Law from at least May 2021 and continuing through at least October 2021, in that:

    a. Plaintiff worked in excess of forty (40) hours per week during the period of employment with Defendant;

  b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and state Law; and

  c. Defendant failed to maintain proper time records as mandated by the FLSA and state law.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff and the class members were all "painter helpers" or "painters" and performed the same or similar job duties as one another for Defendant.

32. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid an hourly rate, but not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

33. Defendant's failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "painter helpers" and "painters" are/were paid for overtime hours worked based on the Defendant's unlawful pay practices.

34. This policy or practice of failing to pay overtime was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all overtime collective members. Accordingly, the overtime collective members are properly defined as:

> **All "painters" and "painter helpers" who worked for Defendant in Ohio and Kentucky within the last three years who were not compensated at time-and-**

**one-half for all hours worked in excess of 40 hours in one or more workweeks.**

35. North Star's failure to pay overtime as required by the FLSA results from a policy or practice of failure to assure that "painters" and "painter helpers" are/were paid at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

36. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practices with respect to Plaintiff and the class members.

37. Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

38. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

39. Defendant acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

40. Defendant failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## CLASS ALLEGATIONS

41. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

42. Plaintiff brings his Kentucky Law claims on behalf of all persons who were employed by Defendant at any time since June 2018, to the entry of judgment in this case (the

"Class Period"), who were non-exempt employees within the meaning of Kentucky Law and have not been paid for hours actually worked as well as overtime wages as required in violation of Kentucky Law (the "Class").

43. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are hundreds of members of the Class during the Class Period.

44. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

45. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

46. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

47. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

48. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendant employed the members of the Class within the

7

meaning of Kentucky law;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendant failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of Kentucky law;

e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

f. whether the Defendants should be enjoined from such violations of the Kentucky law in the future.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER FLSA**

49. Plaintiff re-alleges and reavers paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. From at least May 2021 and continuing through at least October 2021, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

51. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours.

52. At all times material hereto, Defendant failed and continue to fail to maintain proper time records as mandated by the FLSA.

53. Defendant's actions were willful and/or showed reckless disregard for the

8

provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

54. Defendant has failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

55. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per work week, plus liquidated damages.

56. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

57. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

58. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendant has failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

## COUNT II
### OVERTIME VIOLATION UNDER OHIO LAW

59. Plaintiff realleges and reavers paragraphs 1 through 48 of the Complaint as if

9

fully set forth herein.

60. At all times material hereto, Plaintiff and those similarly situated were employed by Defendants within the meaning of O.R.C. 4111.03.

61. At all times material hereto, Defendants jointly employed Plaintiff and those similarly situated within the meaning of O.R.C. 4111.03.

62. O.R.C. 4111.03 requires all employers to compensate their employees, with certain exceptions, at a rate of not less than one and one-half the hourly rate which they are regularly paid for all hours worked in excess of forty (40) hours in a work week.

63. Plaintiff and those similarly situated are not contained in any of the groups of employees excluded from the provisions of O.R.C. 4111.03.

64. Defendant required its painters and painter helpers, including Plaintiff and those similarly situated, to work more than forty hours in a work week.

65. Defendant failed and continues to fail to pay Plaintiff and those similarly situated for all hours Plaintiff and those similarly situated worked in excess of forty (40) hours in one work week.

66. Defendant violated O.R.C. 4111.03 by not properly compensating Plaintiff and those similarly situated for all hours worked in excess of forty (40) hours in one work week.

67. Defendant willfully violated O.R.C. 4111.03 by not properly compensating Plaintiff and those similarly situated for all hours worked in excess of forty (40) hours in one work week.

68. As a result of Defendant's violations of O.R.C. 4111.03, Plaintiff and those similarly situated are entitled to recover unpaid overtime wages dating two (2) years back, plus reasonable attorneys' fees, and costs of this action, pursuant to O.R.C. 4111.10.

## COUNT III
## OVERTIME VIOLATION UNDER KENTUCKY LAW

69. Plaintiff realleges and reavers paragraphs 1 through 48 of the Complaint as if fully set forth herein.

70. At all times material hereto, Plaintiff and those similarly situated were employed by Defendants within the meaning of KRS 337.385.

71. At all times material hereto, Defendant employed Plaintiff and those similarly situated within the meaning of KRS 337.385.

72. KRS 337.385 requires all employers to compensate their employees at a rate of not less than one and one-half the hourly rate which they are regularly paid for all hours worked in excess of forty (40) hours in a work week.

73. Defendant failed and continues to fail to pay Plaintiff and those similarly situated at a rate of not less than one and one-half the hourly rate which they are regularly paid for all hours worked in excess of forty (40) hours in a work week.

74. Defendant violated KRS 337.385 by not properly compensating Plaintiff and those similarly situated at the overtime rate for all hours worked over forty in a work week.

75. Defendant willfully violated KRS 337.385 by not properly paying Plaintiff and those similarly situated at the overtime rate for all hours worked over forty in a work week.

76. As a result of Defendant's violations of KRS 337.385, Plaintiff and those similarly situated are entitled to recover unpaid wages dating five (5) years back, plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA and Ohio Law Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d.     Awarding Plaintiff overtime compensation in the amount due to him for his time worked in excess of forty (40) hours per work week;

e.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

f.     Awarding Plaintiff minimum wages in the amount due to him for his time worked in each work week;

g.     Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

h.     Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

i.     Awarding Plaintiff pre-judgment interest;

j.     Ordering any other further relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: March 2, 2023.                                  Respectfully submitted,

                                                                      *s/ J. Corey Asay*
                                                                      J. Corey Asay
                                                                      Morgan & Morgan
                                                                      333 W. Vine St. Suite 1200
                                                                      Lexington, KY 40507
                                                                      Tel: (859) 286-8368
                                                                      Fax: (859) 286-8384
                                                                      Email: casay@forthepeople.com

                                                                      *Counsel for Plaintiff*