UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LORENZO BURNS, | ) | Case No. 1:23-cv-00123 |
| | ) | |
| Plaintiff, | ) | Judge Douglas R. Cole |
| v. | ) | |
| | ) | <u>JOINT MOTION FOR APPROVAL OF</u> |
| NORTH STAR PAINTING COMPANY, | ) | <u>SETTLEMENT AND STIPULATION OF</u> |
| INC., | ) | <u>DISMISSAL WITH PREJUDICE</u> |
| | ) | |
| Defendant. | ) | |

## I.      **INTRODUCTION**

Plaintiff Lorenzo Burns ("Plaintiff) and Defendant North Star Painting Co., Inc. ("Defendant"), respectfully move this Court to approve the settlement reached by the Parties of Plaintiff's individual Fair Labor Standards Act ("FLSA") claim that is memorialized in the Confidential Settlement Agreement and General Release of Claims ("Settlement" or "Agreement") attached as **Exhibit A**. The Settlement was reached by experienced counsel during arms-length, good faith negotiations. If approved, it will provide payment to the individual Plaintiff of virtually the entire amount of the overtime pay he claims he is owed, an equal amount representing liquidated damages under the FLSA, and a substantial payment in return for a general release of claims against Defendant. It also should be noted that the release by Plaintiff applies only to claims Plaintiff may have and does not bind any other persons, including any absent potential class or collective action member.

The settlement documents submitted for approval or entry by the Court consist of Exhibit A, the Confidential Settlement Agreement and General Release of Claims, and Exhibit B, the proposed Order of Dismissal and Approving Settlement.

Plaintiff filed this action on March 2, 2023. He alleged that Defendant failed to pay him and other similarly situated employees of Defendant for all overtime hours they worked in

violation of the FLSA and state law. Thereafter, the Parties engaged in informal discovery, with Defendant's counsel providing Plaintiff's counsel with time records reflecting hours worked by Plaintiff and other employees. After reviewing those time records, and other information provided by Plaintiff, Plaintiff's counsel calculated that Plaintiff was entitled to approximately $16,000.00 in overtime pay if he were to prevail in this litigation. Defendant took the position throughout the litigation that Plaintiff did not work the number of hours that he claimed, such that his actual overtime damages, if any, would be significantly less that Plaintiff calculated. If Defendant prevailed in this position, Plaintiff would have recovered significantly less than claimed, and may have recovered nothing at all.

Over the course of settlement negotiations, Plaintiff raised additional claims that he may have against Defendant, and the Parties determined that a general release would be appropriate for those claims upon payment of additional consideration. As a result, the Parties separately negotiated a general release of claims, and consideration for same.

If approved by the Court, the Settlement will be limited to resolving the claims of Plaintiff and Defendant and will not bind other individuals or entities. As set forth in the attached Agreement, the total settlement amount is $35,000.00, which sum will comprise payments to Plaintiff and Plaintiff's counsel. Eighty percent (80%) of these settlement proceeds, or $28,000.00, will be paid to Plaintiff, broken down as follows: $6,500.00 for unpaid overtime pay, $6,500.00 for liquidated damages under the FLSA, and $15,000.00 and mutual promises contained in the agreement for a general release of all other claims Plaintiff may have against Defendant. Seven Thousand Dollars ($7,000.00) (20% of the settlement proceeds) will be paid to Plaintiff's counsel.

In exchange for these payments and other consideration provided for in the Agreement, this case will be dismissed with prejudice, and Plaintiff will release Defendant from federal and

state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in the Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act, and any applicable state wage statute where Plaintiff may have worked for Defendant.

During settlement negotiations, the Parties agreed to include a confidentiality provision in the Agreement and agreed it was necessary to protect Defendant's interests. This provision is a material term of the Agreement and is a key part of the benefit of the bargain for the Defendant. Therefore, the Parties request that the Court review the Agreement *in camera* and are submitting a copy of the Agreement entered into between them with the Court's courtesy copy of this motion for inspection *in camera*.

The Parties jointly submit that this action involves individual claims only and, therefore, that the Class Action Fairness Act, 28 U.S.C. § 1711, et seq. ("CAFA") does not apply to this Settlement.

## II. <u>THE CONFIDENTIAL SETTLEMENT AGREEMENT SHOULD BE APPROVED</u>

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))). As shown below, the Parties submit that their proposed Settlement is fair and reasonable and accordingly request that it be approved by this Court.

At the outset, it should be noted that the Parties' counsel both have extensive experience litigating FLSA claims, including claims for unpaid overtime. The Agreement was achieved only after arms-length and good faith negotiations between the Parties.

Moreover, the policy favoring the settlement of FLSA cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, can be expensive and time-consuming. This case appears to be no exception. The Parties continue to disagree over the merits of Plaintiff's claims, with Plaintiff claiming that Defendant failed to pay him for all overtime hours worked and Defendant maintaining that Plaintiff was paid all wages to which he is entitled. If forced to litigate this case further, the Parties likely would be required to engage in complex, costly, and protracted discovery, briefing, and potentially a trial. The Settlement, on the other hand, provides substantial relief to Plaintiff promptly and efficiently.

It also should be noted that prior to resolving this dispute, Plaintiff's counsel adequately investigated Plaintiff's claims by reviewing Plaintiff's time records produced by Defendant, as well as information provided by Plaintiff concerning the hours he worked for Defendant. Plaintiff's counsel also researched the legal basis of Plaintiff's claims prior to filing this lawsuit.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises affirmative defenses to Plaintiff's claims, and the outcome of those defenses is uncertain, as well. In short, the Parties submit that continued litigation would be risky for all, and that the Settlement is a fair and reasonable resolution of this dispute that is in the best interest of both Plaintiff and Defendant.

The Parties recognize that after the Court has confirmed that the terms of the Settlement are fair to Plaintiff, it may review the Parties' Agreement as to the provision of fees and costs to

Plaintiff's counsel. The Settlement reflects Defendant's agreement to pay Plaintiff's counsel $7,000.00 attorneys' fees and costs. This amount represents 20% of the total settlement amount of $35,000.00.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)).

The attorneys' fees requested by Plaintiff's counsel are fair and reasonable under the circumstances of this case. Moreover, the fee request should not be altered because counsel efficiently resolved this case early on rather than prolonging the litigation and increasing their potential fees. As the Manual for Complex Litigation recognizes, "one purpose of the percentage method is to encourage early settlements by not penalizing efficient counsel, thus ensuring competent counsel continue to be willing to undertake risky, complex, and novel litigation." Manual for Complex Litigation (4th) § 14.121. Plaintiff's agreement with counsel provides that his counsel is entitled to collect 40% of the total settlement. Plaintiff's counsel reduced this amount to an amount more reflective of the lodestar at this time, in order to permit early and efficient resolution of the case.

Had this case not settled, Plaintiff's counsel would have vigorously litigated the case without any promise of success and compensation. At every step of the litigation, Defendant could have succeeded. Therefore, the Plaintiff was at great risk for non-payment. This risk of non-payment strongly supports the amount requested here and warrants approval.

### III.   CONCLUSION

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action.  Accordingly, the Parties request that this Court enter the proposed Order of Dismissal and Approving Settlement and retain jurisdiction to enforce that Settlement.

Dated:   September 25, 2023

Respectfully submitted,

By:

*/s/ Jesse A. Shore*

Jesse A. Shore, Esq.
Ohio Bar No.: 0091730
Morgan & Morgan, Kentucky PLLC
300 Madison Ave., Ste. 200
Covington, KY 41011
Tel: 859-899-8786
Fax: 859-899-8807
Email: jshore@forthepeople.com

*Trial Attorney for Plaintiff*


*/s/ Angeli Murthy*

Angeli Murthy, Esq.
Admitted *Pro Hac Vice*
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-Mail: amurthy@forthepeople.com

*Attorneys for Plaintiff*

By:   */s/ M. Scott McIntyre*

M. Scott McIntyre, Esq.
Ohio Bar No.: 0075298
(*Trial Counsel*)
Sean P. Ryan (0094085)
Heather M. Schisler (0076626)
Baker & Hostetler LLP
312 Walnut St., Ste. 3200
Cincinnati, Ohio 45202
Telephone: (513) 852-2622
Facsimile: (513) 929-0303
Email: smcintyre@bakerlaw.com
Email: spyran@bakerlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of September, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send notification of such filing to counsel of record.

/s/ *Angeli Murthy*
Angeli Murthy, Esq.

7