UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LORENZO BURNS,

      Plaintiff,

  v.

NORTH STAR PAINTING CO., INC.,

      Defendant.

Case No. 1:23-cv-123
JUDGE DOUGLAS R. COLE

## ORDER

Plaintiff Lorenzo Burns sued Defendant North Star Painting Co., Inc. (North Star) on March 2, 2023, for violating the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and Ohio and Kentucky state labor law. (Compl., Doc. 1). He alleges that North Star did not pay the overtime wages mandated by 29. U.S.C. § 207, Ohio Rev. Code Ann. § 4111.03, and Ky. Rev. Stat. Ann. § 337.285. (Am. Compl., Doc. 11, #61–64). The Amended Complaint also contains collective action allegations and class allegations on behalf of similarly situated "Painters" and "Painter Helpers" employed by Defendant. (*Id.* at #57–61). But nobody ever opted into the collective action and the Court never certified a class, so the only claims at issue here are Plaintiff's individual claims.

On August 29, the parties filed a Joint Request to File Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice under Seal (Doc. 16). After the Court ordered the parties to brief whether the Motion to Seal complied with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), and

its progeny (Not. Order 9/18/2023), the parties jointly withdrew the motion. (*See* Doc. 17). They then filed a Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice on the public docket on September 25. (Doc. 18). That motion is now before the Court.

The proposed settlement provides for Defendant to pay $35,000. Of that, the Plaintiff will receive $28,000: $6,500 for unpaid overtime pay, $6,500 for liquidated damages under the FLSA, and $15,000 (along with other consideration in the form of mutual promises) in exchange for a general release of Plaintiff's other claims against Defendant. (*Id.* at #94). The remaining $7,000, which constitutes 20% of the total settlement amount, will go to Plaintiff's counsel as attorneys' fees. (*Id.*). That amount is less than the 40% fee that Plaintiff's agreement with his counsel provides. (*Id.* at #97).

While the Sixth Circuit has not directly addressed whether FLSA settlements involving only one individual plaintiff's claims require court approval, at least some other circuits have held that such approval is necessary. *Steele v. Staffmark Invs., LLC,* 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) (collecting cases and noting a circuit split). Various district court cases within this district likewise seem to suggest that approval is necessary. *E.g.*, *Camp v. Marquee Constr., Inc.*, 2:18-cv-831, 2020 WL 59517, at * 1 (S.D. Ohio Jan. 6, 2020) ("FLSA cases require court approval, even where only one litigant's rights are implicated."). This Court will follow suit and evaluate whether the proposed settlement is fair and reasonable.[1]

---

[1] Because the action and attendant settlement involve only individual claims, the Court need not consider fairness under the Class Action Fairness Act, 28 U.S.C. §§ 1711–15, 1332, 1453.

A court reviewing a FLSA settlement should consider "[t]he existence of a bona fide dispute … the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement." *Edwards v. City of Mansfield*, No. 1:15-cv-959, 2016 WL 2853619, at *3 (N.D. Ohio May 16, 2016). Applying these factors, the Court concludes the proposed settlement is fair. The suit appears to involve a genuine dispute over a factual issue. The parties were represented by counsel and reached a settlement only after arm's-length negotiations, which suggests there is little risk of fraud or collusion. (Doc. 18, #96). Litigation of Burns's claim would require "complex, costly, and protracted discovery, briefing, and potentially a trial." (*Id.*). The parties already engaged in informal discovery before settling. (*Id.* at #94). And the outcome of the litigation is uncertain, particularly because Defendant raised affirmative defenses whose outcomes are uncertain. (*Id.* at #96). Further, the settlement amount exceeds $16,000, the approximate amount of overtime pay Plaintiff claimed he was due. (*Id.* at #94). All these factors point to the settlement's being reasonable. And the public interest does not otherwise counsel against it. Accordingly, the Court finds the settlement reasonable.

Next, the Court considers attorneys' fees, which must also be reasonable. *Edwards*, 2016 WL 2853619, at *3. There are two methods for determining whether proposed attorneys' fees are appropriate: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). The lodestar amount "is calculated by multiplying the number of

3

hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). When using the percentage-of-the-fund method, "the district court assigns a proportion of the total settlement to counsel." *Smyers v. Ohio Mulch Supply Inc.*, No. 21-3008/09, 2021 WL 2774665, at *2 (6th Cir. July 1, 2021).

The fee here was set as a percentage of the settlement, rather than an hourly rate, and Plaintiff's attorneys do not provide the number of hours they invested in the action. (Doc. 18, #97). Therefore, the Court will consider the reasonableness of the attorneys' fees under the percentage-of-the-fund method. "When using the percentage-of-the-fund method, Courts in this Circuit generally approve of awards that are 1/3 of the total settlement." *Smyers v. Ohio Mulch Supply, Inc.*, No. 2:17-cv-1110, 19-cv-1632, 2020 WL 7974306, at *3 (S.D. Ohio Dec. 4, 2020), *vacated in part on other grounds*, 2021 WL 2774665. Here, the amount of attorneys' fees is less than 1/3 of the total settlement and has been reduced from the amount provided in Plaintiff's agreement with his own counsel to reflect the speedy resolution of the case. So the Court concludes that the attorneys' fees are reasonable.

For the above reasons, the Court **GRANTS** the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (Doc. 18). Accordingly, it **APPROVES** the parties' settlement. As for dismissal, though, at the parties' request, the Court will retain this case on its docket until payment has been made. The parties are **DIRECTED** to jointly inform the Court once that has occurred. Thereafter, the Court will dismiss Burns's Amended Complaint (Doc. 11) with prejudice.

4

**SO ORDERED.**

October 6, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

5